**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANE MELGARD,** on behalf of himself and others similarly situated**,** | : | |
| | : | **CASE NO. 2:20-cv-5322** |
| **Plaintiff,** | : | |
| | : | **JUDGE** |
| v. | : | |
| | : | **MAGISTRATE JUDGE** |
| **OHIOHEALTH CORPORATION,** | : | |
| c/o Terri W. Meldrum | : | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| 3430 OhioHealth Pkwy. | : | |
| Columbus, OH 43202 | : | **JURY DEMAND INCLUDED HEREON** |
| | : | |
| **Defendant.** | : | |

Plaintiff Dane Melgard ("Named Plaintiff" or "Plaintiff"), by and through counsel, hereby files his Class and Collective Action Complaint Against Defendant OhioHealth Corporation ("Defendant"), and states and alleges as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P.

1

23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Named Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in the Southern District of Ohio.

## PARTIES

7. Named Plaintiff is a resident of Ohio who was employed by Defendant as a Protective Services officer ("officer") from approximately September 2017 through approximately October 2020. Named Plaintiff's consent to proceed as a party plaintiff is filed herewith as **Exhibit A**.

8. Defendant is a Corporation for Non-Profit organized under the laws of the state of Ohio and maintaining its principal place of business in Columbus, Ohio. Defendant is in the business of operating a system of hospitals and healthcare providers throughout Ohio, and Defendant employed Named Plaintiff as an officer at its Grant Medical Center and Grove City Methodist Hospital during all times relevant to this Complaint.

9. At all times relevant, Defendant was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

10. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## FACTUAL ALLEGATIONS

11. At all times relevant to this Complaint, Defendant employed Named Plaintiff and other similar situated officers in a non-exempt, hourly capacity.

12. During all times relevant to this Complaint, Named Plaintiff and other similarly situated officers frequently worked in excess of 40 hours per week.

13. Defendant's officers are responsible for providing armed security and safety services at Defendant's hospitals and facilities.

14. Among other duties, the officers provide armed security and manage potentially violent, disruptive, hazardous, and emergency situations through preventative patrol, investigation, and complaint resolution.

15. At the beginning of each shift, prior to clocking in, Defendant requires Named Plaintiff and other similarly situated officers to "gear up" onsite. Named Plaintiff and other similarly situated officers are not permitted to "gear up" prior to their arrival at Defendant's facilities. The "gear up" process includes, but is not limited to, acquiring their firearm from a lockbox, acquiring their taser from a lockbox, obtaining their firearm magazines and magazine holster, obtaining their radio, donning their uniform and vest, and securing their firearms and tools to their uniform. The items which are donned during the "gear up" process are stored on Defendant's premises.

16. Being properly and fully dressed with all of the necessary and required gear, such as a uniform, firearm, magazines, radio, taser, and keys is necessarily tied to the officers' work

of providing security and maintain safety. Moreover, it is integral and indispensable to the principal job activities of an officer.

17. Defendant requires Named Plaintiff and other similarly situated officers to be fully "geared up" prior to clocking in so that they are prepared to patrol and respond to emergency calls once they are on the clock.

18. Once Named Plaintiff and similarly situated officers are "geared up," they are permitted to log in to a computer and clock in for work so long as it is no more than seven (7) minutes prior to the start of their scheduled shift.

19. After clocking in, Named Plaintiff and other similarly situated officers begin patrolling and/or otherwise respond to any emergency calls or situations.

20. Upon information and belief, Defendant maintains a rounding system whereby it only compensates employees in full quarter hour increments. Thus, Defendant's 7-minute pre-shift prohibition ensures that Named Plaintiff and similarly situated officers are not paid for any work performed prior to the scheduled start of their shift, including the "gear up" process and all work that follows it.

21. At the end of Named Plaintiff's and other similarly situated officers' shifts, they are required to clock out of work and then "gear down" off the clock. As with the beginning of their shift, officers are generally prohibited from clocking out more than seven (7) minutes after the scheduled end of their shift.

22. "Gearing down" includes, but is not limited to, removing the firearm and placing it in a lockbox; removing the taser and placing it in a lockbox; removing the radio and storing it; and removing the magazines, holsters, and gun belt and storing them away.

23. Defendant's 7-minute post-shift prohibition ensures that Named Plaintiff and

similarly situated officers are not paid for any work performed after the scheduled end of their shift, including the "gear down" process.

24. Defendant's failure to compensate Named Plaintiff and other similarly situated officers for time spent working prior to the scheduled start of their shift and after the scheduled end of their shift resulted in unpaid overtime in violation of the FLSA.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. The unlawful pay policies and/or practices described in this Complaint are common to Defendant's Ohio facilities that employ officers.

27. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

28. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former hourly officers who worked 40 or more hours in at least one workweek employed by Defendant at any of its locations within the three years preceding this action. (the "FLSA Collective" or the "FLSA Collective Members").

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt officers of Defendant, all were subjected to and injured by Defendant's unlawful policies and/or practices of: (1) requiring officers to complete the "gear up" process off the clock prior to the scheduled start of their shift; (2) unlawful rounding by virtue of its prohibition against officers clocking in more than 7 minutes prior to the scheduled start of

similarly situated officers are not paid for any work performed after the scheduled end of their shift, including the "gear down" process.

24. Defendant's failure to compensate Named Plaintiff and other similarly situated officers for time spent working prior to the scheduled start of their shift and after the scheduled end of their shift resulted in unpaid overtime in violation of the FLSA.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. The unlawful pay policies and/or practices described in this Complaint are common to Defendant's Ohio facilities that employ officers.

27. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

28. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former hourly officers who worked 40 or more hours in at least one workweek employed by Defendant at any of its locations within the three years preceding this action. (the "FLSA Collective" or the "FLSA Collective Members").

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt officers of Defendant, all were subjected to and injured by Defendant's unlawful policies and/or practices of: (1) requiring officers to complete the "gear up" process off the clock prior to the scheduled start of their shift; (2) unlawful rounding by virtue of its prohibition against officers clocking in more than 7 minutes prior to the scheduled start of

their shift; (3) unlawful rounding by virtue of its prohibition against officers clocking out more than 7 minutes after the scheduled end of their shift; and (4) requiring officers to complete the "gear down" process off the clock after clocking out. Consequently, Named Plaintiff and other similarly situated officers all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

31. The persons similarly situated to Named Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

32. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All current and former hourly, non-exempt officers who worked 40 or more hours in at least one workweek employed by Defendant at any of its locations in Ohio within the two years preceding this action. (the "Rule 23 Class" or the "Rule 23 Class Members").

34. The Rule 23 Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant

6

to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

35. There are questions of law or fact common to the Rule 23 Class, including but not limited to:

> Whether Defendant failed to pay Named Plaintiff and the Rule 23 Class Members all overtime pay due to them?
>
> Whether Defendant's failure to pay Named Plaintiff and the Rule 23 Class Members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> Whether Defendant kept adequate records of the hours worked by Named Plaintiff and the Rule 23 Class Members?

36. Named Plaintiff's claims are typical of the claims of other members of the Rule 23 Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

37. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Rule 23 Class in this case.

38. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Rules 23 Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Named Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b).

42. The FLSA requires that Defendant's non-exempt hourly officers receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

43. Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

44. Defendant failed to pay overtime compensation to Named Plaintiff and the FLSA Collective Members as a result of its failure to pay any compensation for integral and indispensable pre and post-shift job duties and/or its unlawful rounding policies or practices.

45. By engaging in the preceding practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

46. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime

compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

47. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Named Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Rule 23 Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

49. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

50. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt, hourly officers for integral and indispensable pre and post-shift job duties and/or its unlawful rounding policies or practices.

51. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Named Plaintiff and the Rule 23 Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

52. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and

9

reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant.

55. During relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

56. The OPPA requires that the Defendant timely pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

57. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. See O.R.C. § 4113.15(B).

58. Named Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

59. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
## VIOLATIONS OF OHIO'S RECORDKEEPING LAWS

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

62. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio's Recordkeeping laws.

63. Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of Ohio's Recordkeeping laws.

64. During times material to this complaint, Defendant violated Ohio's Recordkeeping laws with respect to Named Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

65. In violating Ohio's Recordkeeping laws, Defendant acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray for an Order from this Honorable Court:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Members apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, and as such, Named Plaintiff, the FLSA Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective Members during the applicable statutory period under the FLSA and continuing through trial;

F. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective Members during the applicable statutory period under the FLSA and continuing through trial;

G. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

H. Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

J. Leave to add additional plaintiffs;

K. Judgment for all civil penalties to which Named Plaintiff and all other similarly situated officers may be entitled; and

L. Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)

1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: (614) 949-1181
Fax: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

*An Attorney for Named Plaintiff*