UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANE MELGARD,**

    **Plaintiff,**

v.                                       Civil Action 2:20-cv-5322
                                               Judge Sarah D. Morrison
                                               Magistrate Judge Chelsey M. Vascura

**OHIOHEALTH CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Dane Melgard, on behalf of himself and others similarly situated, sued OhioHealth Corporation for alleged violations of the Fair Labor Standards Act (FLSA) and the Ohio overtime compensation statute. (Pl.'s Compl. ¶¶ 1–2, ECF No. 1.) This Court has federal-question jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the Ohio law claims under 28 U.S.C. § 1367. This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Collective and Class Action Complaint for Violations of the Fair Labor Standards Act and Ohio Law, Defendant's Memorandum in Opposition, and Plaintiff's Reply. (ECF Nos. 31, 34, and 35.) Plaintiff seeks leave to amend his complaint for the purpose of adding two current opt-in plaintiffs as additional named plaintiffs in the action. For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

### I.     BACKGROUND

Plaintiff filed this action on October 8, 2020. (ECF No. 1.) On January 19, 2021, this Court issued a Preliminary Pretrial Order ("PPO"), which established case schedule deadlines,

including the at-issue March 31, 2021 deadline for amendments to the pleadings. (ECF No. 24.) By agreement of the parties, the deadlines to complete discovery and to file the motion for class certification have been extended to September 20, 2022, and October 25, 2022, respectively. (*See* ECF Nos. 36–37.)

On January 25, 2022, Plaintiff filed the subject Motion, in which he seeks leave to file a First Amended Complaint adding as new named plaintiffs two current opt-in plaintiffs. (ECF No. 31.) The proposed new named plaintiffs, Keith Breeckner and Colt Moore, have been opt-in plaintiffs in this action since January 2021. (*See* ECF Nos 22, 26.) Plaintiff represents that his "decision to add new named plaintiffs was made once" the parties' January 7, 2022 "mediation proved unsuccessful." (ECF No. 31 at 7.) Plaintiff further states that "discussion of adding additional named plaintiffs predate[d]" his Motion, but that he chose to "focus on mediation rather than wasting" the Court's resources by filing the Motion earlier, in case the parties settled. (*Id.* at 9.) Once mediation failed, Plaintiff sought Defendant's consent to amend within several days. (*Id.*) When Defendant did not consent, Plaintiff filed this Motion. (*Id.*)

Defendant opposes amendment, arguing that Plaintiff has failed to show the diligence required to extend the amendments deadline set forth in the PPO. Defendant argues that "Plaintiff does not allege that he learned any new facts or any other reason that would warrant" an extension of the deadline to amend the Complaint. (Def.'s Opp'n 1–2, ECF No. 34; *see also id.* at 5 ("Plaintiff does not identify any newly discovered facts since the passage of the deadline.").) Defendant contends that "[a]bsent new information in [its] discovery responses that gave rise to the requested amendment, Plaintiff cannot" and has not met his burden to show that he was diligent in attempting to meet the amendments deadline in the PPO. (*Id.* at 6.)

2

In Reply, Plaintiff offers that "as written discovery began and the litigation continued," he "decided to amend his complaint," and that this decision "is the result of information learned from Defendant through discovery and as the case has proceeded forward." (Pl.'s Reply 3, ECF No. 35.) Plaintiff further provides that "the information learned during discovery and the continued dialogue between the parties during the course of this litigation—including during mediation—led" him to decide that adding the proposed additional named plaintiffs "was the most appropriate course of action." (*Id.* at 7–8.) Plaintiff adds that the "newly discovered facts" that he "learned of at mediation were Defendant's focus on matters unrelated to this lawsuit, necessitating an amendment." (*Id.* at 8.)

## II. STANDARD OF REVIEW

Considering whether to grant leave to amend a pleading after the deadline set out in the case scheduling order requires analysis under Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2). A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as here, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the

3

opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Where good cause exists under Rule 16, the Court next determines whether amendment is proper under Rule 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

### III. ANALYSIS

Whether Plaintiff has demonstrated good cause for extension of the deadline for amendments turns on his diligence. The Court does not have the information it needs to evaluate whether Plaintiff exercised diligence in seeking amendment here. Plaintiff filed the subject Motion approximately 10 months after the expiration of the amendments deadline set forth in the PPO. The two individuals whom Plaintiff now seeks to add as named plaintiffs have been opt-in plaintiffs, known to both parties, for more than one year. In his Motion, Plaintiff makes multiple assertions that he learned new information at some point during discovery, or at some point as the case proceeded, that necessitates amendment. Then, in his Reply, Plaintiff asserts that he discovered new facts "at mediation," and that these "were Defendant's focus on matters

4

unrelated to this lawsuit, necessitating an amendment." (Pl.'s Reply 8, ECF No. 35.) Defendant maintains that Plaintiff's proposed amendment is not based upon the discovery of any new information. Plaintiff has never identified precisely *what* new information he learned that he contends necessitates amendment, nor exactly *when* he learned it. In the absence of this information, the Court is unable to evaluate, and Defendant is unable to challenge, Plaintiff's reliance on the discovery of new information to show good cause for extending the deadline for amendment to the pleadings.

Accordingly, Plaintiff's Motion (ECF No. 31) is **DENIED WITHOUT PREJUDICE** to re-filing a properly-supported motion **WITHIN 7 DAYS OF THE DATE OF THIS ORDER**. Any re-filed motion must set forth in detail (1) *what* specific new information Plaintiff learned that he contends necessitates amendment after the PPO deadline, and (2) *when* Plaintiff learned that information. If Defendant wishes to file a Memorandum in Opposition, it may do so **WITHIN 7 DAYS** of the date on which Plaintiff files his re-filed Motion. The Court will not accept a Reply.

## IV. DISPOSITION

For the reasons set forth above, Plaintiff's Motion to Amend (ECF No. 31) is **DENIED WITHOUT PREJUDICE** to re-filing a properly-supported motion **WITHIN 7 DAYS**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE