UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANE MELGARD, on behalf of himself and others similarly situated, | : | |
| Plaintiff, | | Case No. 2:20-cv-5322<br>Judge Sarah D. Morrison |
| v. | | Magistrate Judge Chelsey M. Vascura |
| OHIOHEALTH CORPORATION, | : | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement. (Jt. Mot., ECF No. 60.) For the reasons below, the Joint Motion is **GRANTED in part** and **DENIED in part**.

**I.  BACKGROUND**

On October 8, 2020, Dane Melgard filed this putative collective and class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code § 4111.03, and other related Ohio statutes. (Compl., ECF No. 1.) Mr. Melgard alleges, *inter alia*, that OhioHealth failed to pay him and other similarly situated employees overtime compensation for "donning and doffing" protective equipment and compensation due based on improper rounding. (Compl.) OhioHealth denies these allegations. (ECF No. 13; Jt. Mot. PageID 444.)

On November 25, 2020, the parties filed a Joint Stipulation to conditionally certify a FLSA class pursuant to 29 U.S.C. § 216(b), in which the parties stipulated to the following class: "All current and former hourly protective services officers who were scheduled to work 40 or more hours in at least one workweek employed by Defendant at any of its locations within the three years preceding this action." (ECF No. 9.) The Court approved the Joint Stipulation and proposed notice and consent to join (ECF Nos. 9-1, 12), the notice was sent, and the opt-in period closed 90-days afterward (ECF No. 9, PageID 48).

The parties then engaged in mediation and settlement discussions. (*See e.g.*, ECF Nos. 36, 39, 41, 43, 45.) Having successfully reached a settlement, they moved for preliminary approval of class action settlement, but it was denied. (ECF Nos. 48–49.) A (similar) second joint motion was also denied. (ECF Nos. 50, 53.) The Court held a status conference with the parties (ECF No. 58), and after the conference, the parties filed the instant Joint Motion in which they ask the Court to:

- "Certify the following class under Rule 23: '[C]urrent and former protective services officers of OhioHealth Corporation at any of its locations beginning November 10, 2017 to March 21, 2022, who worked forty (40) or more hours in at least one (1) workweek. (the 'Rule 23 Class Members')';

- Preliminarily approve the Settlement pursuant to Rule 23;

- Designate Representative Plaintiff as the Class Representative;

- Preliminarily approve the service payments to Representative Plaintiff and Opt-In Plaintiffs Keith Breeckner and Colt Moore;

- Designate Attorneys Matthew J.P. Coffman, Adam C. Gedling, and Kelsie N. Hendren of Coffman Legal, LLC as Class Counsel;

2

- Preliminarily approve Class Counsel's request for attorneys' fees and litigation expenses; and

- Schedule a Fairness Hearing approximately 120 days after preliminary approval."

(Jt. Mot. PageID 442–43.) The Proposed Settlement, Proposed Notice, and Consent and Release Form are attached to the Joint Motion. (ECF No. 60-1.)

## II. CERTIFICATION OF THE RULE 23 CLASS

Trial courts have "broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996). "Before a court may certify a class, it must ensure that the class satisfies each of Rule 23(a)'s requirements and that it falls within one of three categories permitted by Rule 23(b)." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). The parties proceed under Rule 23(b)(3) for settlement purposes only. (Jt. Mot. PageID 450.)

### A. Rule 23(a)

Rule 23(a) lists class prerequisites:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4).

3

1. Numerosity

Rule 23(a)(1)'s numerosity requirement is met if the class is "so numerous that joinder of all members is impracticable." *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 182 (S.D. Ohio 2012) (Black, J.) (internal quotations omitted). A plaintiff can meet this requirement by showing joinder would be difficult and inconvenient. *Id.* Numerosity is satisfied here because the Proposed Settlement class includes 368 individuals. *See, e.g.*, *Taylor v. CSX Transp., Inc.*, 264 F.R.D. 281, 288 (N.D. Ohio 2007) (generally accepting that a class size of 40 or more meets the numerosity requirement).

2. Commonality

Commonality under Rule 23(a)(2) "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *Swigart*, 288 F.R.D. at 183 (citing *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995)). "The commonality test is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." *In re Am. Med. Sys.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (internal quotations and citation omitted). The commonality requirement is met here because the legal issue that links the proposed class members—whether they were unlawfully denied overtime compensation as a result of OhioHealth's alleged failure to pay for donning and doffing and improper rounding—is substantially related to the resolution of the litigation.

4

      3.    <u>Typicality</u>

The typicality requirement under Rule 23(a)(3) is satisfied when claims of the proposed class representative are typical of the claims of the class. *Swigart*, 288 F.R.D. at 185 (internal quotations omitted). "A proposed class representative's claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and the claims are based on the same legal theory.'" *Id.* (quoting *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997)). Typicality exists here because Mr. Melgard's and the proposed class members' claims arise out of OhioHealth's same alleged course of conduct of failing to pay due compensation.

      4.    <u>Fair and Adequate Representation</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requirement is accompanied by a two-pronged inquiry: "(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Swigart*, 288 F.R.D. at 185–86 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)). "Put another way, we review the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Pelzer v. Vassalle*, 655 F. App'x 352, 364 (6th Cir. 2016) (cleaned up, and quotations and citations omitted).

5

Both prongs are satisfied. Mr. Melgard's interests are aligned with those interests of the proposed class members because his claims are based on the same alleged unlawful policies that affect the proposed class members, and he is seeking the same relief for unpaid overtime compensation as would the proposed class members. Mr. Melgard is willing and able to fulfill his duties as the class representative; has been involved in the prosecution of this case; and was vital to the parties reaching the Proposed Settlement. (Gedling Decl., ECF No. 60-2, ¶ 25.) Finally, counsel for the proposed class is able and qualified to litigate this case, having litigated hundreds of wage and hour cases in federal courts across the country. (*Id.* ¶¶ 4–10); *see also infra* Section IV.

### B. Rule 23(b)(3)

Rule 23(b)(3) dictates that a class action may proceed when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." These prerequisites are met.

#### 1. Predominance

The predominance requirement examines "whether [the] proposed class[ is] sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The predominance requirement is about whether class-wide questions are "at the heart of the litigation." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). The proposed class

6

members share a common set of core, predominant alleged facts and legal issues, including whether (a) OhioHealth failed to pay them for time spent donning and doffing protective equipment; (b) OhioHealth applied an improper rounding policy; (c) they worked overtime and how much; and (d) they were denied overtime compensation as a result of these alleged pay policies and practices. (Jt. Mot. PageID 450–51.)

        2.     <u>Superiority</u>

The superiority requirement examines whether a class action is superior to other available methods for the fair and efficient adjudication of the dispute. Rule 23(b)(3) lists four factors for courts to consider: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. These factors favor certification.

There is no evidence that the proposed class members have any interest in maintaining this litigation in separate actions. (Jt. Mot., PageID 451.) The parties state they are unaware of other pending litigation against OhioHealth involving the proposed class members. (*Id.*) There are benefits to concentrating the claims in this Court through the class action mechanism because OhioHealth consents to the Court's jurisdiction and many of OhioHealth's witnesses are in this District. (*Id.*) The manageability factor is automatically satisfied when a case is being certified for

settlement purposes. *See Amchem Prods.*, 521 U.S. at 620; *Miller v. Charter Nex Films - Delaware, OH, Inc.*, No. 2:18-CV-1341, 2020 WL 2896913, at *6 (S.D. Ohio June 2, 2020).

Having concluded that the parties have satisfied the requirements of both Rule 23(a) and (b)(3), the Court **GRANTS** the Joint Motion's requests to certify the Rule 23 Class—as defined in the Joint Motion (Jt. Mot., PageID 447)—for settlement purposes only.

### III. NOTICE

When a class is certified for settlement purposes under Rule 23(b)(3), the notice must meet the requirements of both Rule 23(e) and (c)(2)(B). If the parties make certain showings, Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class member who would be bound" by the settlement. Rule 23(c)(2)(B) requires that notice to the class be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice may be by U.S. mail, electronic means, or other appropriate means. Fed. R. Civ. Pro. 23(c)(2)(B). It must "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv); that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any members who request exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. Pro. 23(c)(2)(B)(i)–(vii). The notice must be "'reasonably calculated, under all

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Gen. Motors,* 497 F.3d at 629–30 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

The Proposed Notice will be sent to the Rule 23 Class Members by first-class mail using the addresses shown in OhioHealth's records. (Jt. Mot., PageID 453.)

The Court has carefully reviewed the Proposed Notice and has two changes. First, in paragraph 6, the following italicized text must be added: "Additionally, the following amounts will be deducted from the Total Eligible Settlement Amount *if approved by the Court*: a class . . . ." (*See* ECF No. 60-1, PageID 488.) Second, in paragraph 16, the fairness hearing will take place in courtroom 132, not room 167. (*See id.* PageID 490.) With those two changes, the Court finds the Proposed Notice meets the requirements of Rule 23(e) and (c)(2)(B). (*Id.* PageID 490.)

## IV.    CLASS COUNSEL

Under Rule 23(c)(1)(B) and Rule 23(g), class counsel must be appointed because the Court certified the Rule 23 class. The Court must consider four factors when appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action," "(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," "(iii) counsel's knowledge of the applicable law," and "(iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Attorneys Matthew Coffman, Adam Gedling, and Kelsie Hendren seek class counsel designation.

9

Attorney Gedling's declaration explains his practice is devoted to employment litigation and regularly involves FLSA claims (Gedling Decl. ¶ 4); with Attorneys Coffman and Hendren, Attorney Gedling has "litigated hundreds of wage and hour cases in federal courts around the country" (*id.* ¶ 9); Attorney Gedling is or has been counsel or co-counsel "on more than fifty (50) wage and hour collective or class actions" *id.* ¶ 8). Counsel also mediated with a well-respected mediator (*id.* ¶ 15); engaged in informal discovery and received payroll and timekeeping records for the Rule 23 Class Members from defense counsel (*id.* ¶ 16); engaged the services of an economist to construct a damages model (*id.* ¶ 17); and had substantial settlement discussions with defense counsel (*id.* ¶ 18). The Court finds Attorneys Coffman, Gedling, and Hendren well-qualified to represent the Rule 23 Class.

## V. FAIR, REASONABLE, AND ADEQUATE

Class actions may be settled only with court approval. Fed. R. Civ. P. 23(e). "Approval of class settlements is often bifurcated into preliminary and final approval proceedings." *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.,* No. 3:13-CV-00489, 2015 WL 1976398, at *1 (W.D. Ky. May 4, 2015). "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *Id.* (quoting David F. Herr, Annotated Manual for Complex Litigation (Fourth) § 21.662 (2012)). The Court must only "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of certification, proposed settlement, and date of the final fairness hearing." *Id.* (quoting Manual for Complex Litigation § 21.632

(4th ed. 2004)); *see* Fed. R. Civ. P. 23(e)(2) ("[T]he court may only approve [the settlement] after a hearing and on finding that it is fair, reasonable, and adequate.").

The Court finds that the Proposed Settlement appears to be fair, reasonable, and adequate.

## VI. CONCLUSION

For the reasons above, the Joint Motion is **GRANTED in part** and **DENIED in part**. (ECF No. 60.) It is **ORDERED**:

1. The following Rule 23 Class is certified for settlement purposes: "Current and former protective services officers of OhioHealth Corporation at any of its locations beginning November 10, 2017 to March 21, 2022, who worked forty (40) or more hours in at least one (1) workweek."

2. Dane Melgard is designated class representative.

3. Attorneys Matthew Coffman, Adam Gedling, and Kelsie Hendren are appointed as class counsel.

4. Preliminary approval of the Proposed Settlement is **GRANTED**.

5. The Proposed Notice is **APPROVED with two revisions**. First, in paragraph 6, the following italicized text must be added: "Additionally, the following amounts will be deducted from the Total Eligible Settlement Amount *if approved by the Court*: a class . . . ." (*See* ECF No. 60-1, PageID 488.) Second, in paragraph 16, the fairness hearing will take place in courtroom 132, not room 167. (*See id.* PageID 490.) With those revisions, it is further **ORDERED** the Proposed Notice be distributed in the manner described in the Proposed Settlement.

6. The Court will conduct a Rule 23 fairness hearing **on September 14, 2023 at 10:00 a.m.** at 85 Marconi Boulevard, Courtroom 132, Columbus, Ohio, 43215, before the Honorable Sarah D. Morrison to determine the overall fairness of the Proposed Settlement. Rule 23 Class Members requesting exclusion from the class and/or objecting to the Proposed Settlement must timely request exclusion and/or file objections in the time and the manner set forth in the Proposed Notice.

11

      Rule 23 Class Members must take such steps no later than 60 days after the initial mailing of the Proposed Notice.

7. Analytics Consulting, LLC is approved as settlement administrator.

8. Counsel must file their motion for final settlement approval, including approval pursuant to 29 U.S.C. § 216(b) and a declaration describing the results of the Notice distribution, on or before 14 days before the fairness hearing.

9. Counsel should come prepared to address the adequacy and reasonableness of the service payments, attorney fees, and expenses at the fairness hearing. The Court **HOLDS IN ABEYANCE** its decision on the adequacy and reasonableness of those amounts.

10. OhioHealth will provide the settlement administrator the names, last known mailing addresses, last work location, and social security numbers for Eligible Settlement Participants (as defined in the Proposed Settlement)[1] within 28 days of this Order.

**IT IS SO ORDERED.**

                                                /s/ Sarah D. Morrison
                                                **SARAH D. MORRISON**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] The Proposed Settlement states:

> The [Joint Motion] will also request that, as an essential part of the Settlement, the Court order Defendant to provide the Settlement Administrator with the names, last known mailing address, and social security numbers ("SSNs") for the Eligible Settlement Participants1 within twenty-eight (28) days of the Court's entry of an order approving the [Joint Motion]. Defendant's obligation to provide the names, last known home address, last work location and SSNs for the Eligible Settlement Participants will not begin unless and until the Court orders Defendant to provide this information.

(Proposed Settlement, ¶ 39.) The Joint Motion does not make this request but given its self-described essential nature, the Court includes it.